UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KRISTIN SEBURG,
f/k/a KRISTIN STUMP,
an individual,

                                                                               Hon.

        Plaintiff,                                          Case No. 25-cv-

v

JASMINE'S TOUCH, LLC, a
Florida LLC,

And

JASMINE LALLAMANT,
an individual

        Defendants.

---

WILLIAM F. PIPER, PLC
William F. Piper (P38636)
Attorney for Plaintiff
9848 Portage Road
Portage, MI 49002
Phone: (269) 321-5008
Fax: (269) 321-5009
wpiper@wpiperlaw.com

---

## COMPLAINT

The plaintiff Kristin Seburg, f/k/a Kristin Stump, by and through her attorney William F. Piper, PLC, for her Complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.     The plaintiff Kristin Seburg is an individual who resides in the County of Kalamazoo, State of Michigan, and she has resided therein at all times relevant to this Complaint.

2.     The defendant, Jasmine's Touch, LLC is a limited liability company that performed massage therapy and related services in in the County of Hillsborough, State of Florida, at all times relevant to this complaint.

3. The defendant Jasmine Lallamant, upon information and belief, is the owner of Jasmine's Touch.

4. This lawsuit involves the defendants' taking of nude photos of the plaintiff while they provided services to her on or before June 24, 2022, and then posting and displaying them continuously on the defendants' web page on June 24, 2022 and afterwards.

5. This lawsuit involves damages to the plaintiff in excess of $75,000.00.

6. Jurisdiction arises under 28 U.S.C. §1332

## COMMON ALLEGATIONS

7 The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this complaint.

8. Before June 24, 2022 Ms. Seburg visited the premises of Jasmine's Touch and had massage therapy and other services in order to improve her physical and mental health.

9. Ms. Seburg did not agree or consent, as part of the contract with the defendants wherein the defendant would provide services to the plaintiff, that any photos of her that the defendant would take for purposes of their services to her be published on the internet or elsewhere,

10. During the services they provided to the plaintiff the defendant took several photos of Ms. Seburg, including before and after nude photos of Ms. Seburg, that showed her nude body and her face.

11. From June 24, 2022 to the present the defendants have posted the nude before and after photos of Ms. Seburg, including ones that showed her face and from which she can be identified, on the defendants' Jasmine's Touch Instagram page, for commercial advertising purposes.

12. Afterwards, Ms. Seburg reported what had happened to police agencies in Florida and in Michigan, but still the defendants did not remove the nude photos of her from the Jasmine's Touch

Instagram page.

13.     The plaintiff requested in May 2025 by letter that the defendant remove the offensive photos referenced above.

14.     The defendants removed some of the photos from the Jasmine's Touch site thereafter but not all of them, and they left some nude photos that showed Ms. Seburg's face in "Reels".

15.     As a result of the conduct of the defendants set forth above Ms. Seburg has suffered and will continue to suffer severe emotional distress, humiliation, embarrassment, anger, loss of self-esteem, and other damages.

16.     Ms. Seburg discovered the photos, and still sees them, while looking at the Jasmine's Touch's Instagram page from her home in Michigan.

## COUNT I – PUBLIC DISCLOSURE OF PRIVATE FACTS

17.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-16 of this complaint.

18.     The defendants, without authorization from the plaintiff, and without her consent, published the nude photos of her they had taken allegedly for service purposes on the internet as set forth above.

19.     The defendants have continued to publish the nude photos set forth above.

20.     Ms. Seburg had a reasonable expectation of privacy that the photos would not be published publicly, including on the internet.

21.     As a result of their breaches set forth above, Ms. Seburg has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever

3

amount is sufficient to compensate her for her injuries and damages plus an injunction to remove the photos from the defendants' Instagram page, plus costs, interest, attorney's fees, and any other relief this court deems fair and just.

### COUNT II – BREACH OF THE RIGHT OF PUBLICITY

22.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-21 of this complaint.

23.     By acting as they did set forth above the defendants violated the plaintiff's right of publicity and her right against the use or misuse of her photographs and images for commercial purposes.

24.     As a result of the violations set forth above, the plaintiff has suffered and will continue to suffer the damages set forth above.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate her for her injuries and damages plus an injunction to remove the photos from the defendants' Instagram page plus costs, interest, attorney's fees, and any other relief this court deems fair and just.

### COUNT III – FALSE LIGHT PRIVACY

25.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-24 of this complaint.

26.     The defendants, by publishing the nude photos of the plaintiff commercially, in the manner in which it did, put the plaintiff in a false light as both a nude model and sexually available commercially.

27.     As a result of the violations set forth above, Ms. Seburg suffered and will continue to suffer the damages as set forth above.

4

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate her for her injuries and damages plus an injunction to remove the photos from the defendants' Instagram page plus costs, interest, attorney's fees, and any other relief this court deems fair and just.

### COUNT IV – VIOLATION OF FLORIDA'S STATUE 540.08

28. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-27 of this complaint.

28. By acting as it did as set forth above, the defendants violated Florida's Right of Publicity law, set forth in Florida's Statute 540.08.

29. The defendants used Ms. Seburg's nude photos on its Instagram site for advertising purposes to directly promote their services.

**WHEREFORE**, the plaintiff requests a judgment against the defendants for whatever amount is sufficient to compensate her for her injuries and damages plus an injunction to remove the photos from the defendants' Instagram page plus costs, interest, attorney's fees, and any other relief this court deems fair and just.

Dated:  June 23, 2025                                  WILLIAM F. PIPER, PLC.
                                                       Attorney for Plaintiff

                                              By:   /s/ William F. Piper
                                                    William F. Piper (P38636)
                                                    BUSINESS ADDRESS:
                                                    9848 Portage Rd.
                                                    Portage, Michigan 49002
                                                    Phone: 269.321.5008
                                                    Fax: 269.321.5009